UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                                                                                                     :
PHARMA RESOURCES GMBH,                  :
                                                                                                     :             **ORDER COMPELLING**
                                           Petitioner,  :             **ARBITRATION**
          -against-                                      :
                                                                                           :             21 Civ. 7240 (AKH)
ONCOGENERIX COMPANY LIMITED,      :
                                                                                           :
                                                                               Respondent.  :
                                                                                           :
---------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Pharma Resources GmbH ("Petitioner"), a German limited company, petitions this Court for an order compelling Oncongenerix Company Limited ("Respondent"), a Chinese limited company, to participate in arbitration proceedings before the American Arbitration Association (the "AAA") to resolve a dispute arising from two usage rights agreements entered into by the parties. (ECF Nos. 4 (Petition "Pet."), 5 (Motion), 6 (Memorandum in Support)). The parties agreed to submit all disputes to a single arbitrator and that arbitration proceedings would be conducted in New York, New York, in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2. (ECF No. 1-1 ¶ 9.1, 9.2; ECF No. 1-2 ¶ 9.1, 9.2). After Respondent failed to pay certain sums owing under the agreements, Petitioner commenced an arbitration before the AAA in New York, New York, and served Respondent with a Demand for Arbitration and Statement of Claim. Respondent did not respond. Because the Agreements do not specify the AAA as the arbitral body, however, the AAA advised Petitioner that it could not proceed absent Respondent's consent or a court order, compelling Respondent to participate in the proceedings before the AAA. Accordingly, this Petition followed.

1

Respondent "does not deny any of the factual allegations contained in the Petition, except those concerning venue in this judicial district." *See* Declaration of Eric L. Gordon ("Decl.") ¶ 3, ECF No. 15.[1] It argues only that I lack an independent jurisdictional basis over the dispute, as required under Section 4 of the FAA, and therefore, cannot grant the requested relief. *See* Opposition ("Opp.") at 2, ECF No. 16. Specifically, Respondent argues that there is no independent jurisdictional basis under Title 28 because this case does not involve a federal question or parties with diverse citizenship, or fall within the other thirty-five bases for federal jurisdiction provided in Title 28. Given that Respondent otherwise concedes the merits of the Petition, the sole question is whether I have an independent basis for exercising jurisdiction. I hold that I do.

The FAA itself does not bestow jurisdiction but rather requires "an independent jurisdictional basis" over the parties' dispute. *See Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009); *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). Thus, when a party moves to compel arbitration under Section 4, a federal court can only grant the requested relief if it would have jurisdiction over a suit on the underlying dispute. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). Chapter 2 of the FAA, Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 203, however, gives federal district courts original jurisdiction over any action or proceeding "falling under the Convention," which seeks to compel, enjoin, or stay arbitration. § 203. Petitioner alleges, and Respondent admits, that I have jurisdiction over this

---

[1] Respondent disputes only that venue is proper in the Southern District of New York because the Agreements instead specify that arbitration shall be conducted in "New York, New York, United States of America." *See* Decl. of Eric L. Gordon ¶ 4, ECF No. 15. However, Respondent does not specifically assert that venue is improper. Accordingly, the argument is waived and not properly before the Court. *See* Fed. R. Civ. P. 12(h)(1) (providing that failure to challenge venue as improper in a pre-Answer motion constitutes waiver of the defense).

action pursuant to Section 203, and that this action falls under the Convention. *See* Pet. ¶ 4; Decl. ¶ 3.[2] It therefore follows that I have original jurisdiction over this dispute under Section 203, satisfying the independent jurisdictional basis required under Section 4. Because Respondent offers no other reasons to deny—and indeed, admits all of the factual allegations in support of granting—the Petition, I must enter an order "directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

Petitioner specifically requests an order compelling Respondent to appear and participate in proceedings before the AAA. Pet. ¶ 30. The Agreement itself does not specify that the parties must arbitrate before the AAA, so such an order ordinarily would not be "in accordance with the terms of the agreement." However, because Respondent does not dispute (*i.e.*, admits) that Petitioner is "entitled to an[] Order compelling and directing [Respondent] to appear and participate in an arbitration proceeding before the AAA in New York, New York[,]" Pet. ¶ 30; Decl. ¶ 3, I grant Petitioner's motion to compel arbitration and order Respondent to appear and participate in a proceeding before the AAA.

The Clerk shall terminate the motion (ECF No. 5) and close the case.

SO ORDERED.

Dated:     June 7, 2022                     ____/s/ Alvin K. Hellerstein____
           New York, New York               ALVIN K. HELLERSTEIN
                                            United States District Judge

---

[2] An arbitration agreement falls under the Convention if: (1) there is a written agreement; (2) it provides for arbitration in the territory of a signatory of the Convention; (3) the subject matter is commercial; and (4) the agreement is not entirely domestic in scope. *See Dumitru v. Princess Cruise Lines, Ltd.*, 732 F. Supp. 2d 328, 335 (S.D.N.Y. 2010) (quoting *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999)). Although Respondent does not dispute Petitioner's allegation that this action falls under the Convention (Pet. ¶ 4), *see* Decl. ¶ 3, I find that the agreements at issue easily satisfy these factors. They are in writing, provide for arbitration in New York, New York, United States of America; the matter is commercial; and, the agreement is international in scope because it involves a German limited company and a Chinese limited company.